1  LAEL D. ANDARA (SBN 215416)
   JESSHILL E. LOVE (SBN 208348)
2  MARIE E. SOBIESKI (SBN 278008)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  1001 Marshall Street, Suite 500
   Redwood City, CA  94063-2052
4  Telephone:    (650) 364-8200
   Facsimile:    (650) 780-1701
5  Email:        lael.andara@rmkb.com
                 marie.sobieski@rmkb.com
6
   Attorneys for Plaintiff
7  SUPER MICRO COMPUTER, INC.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | SUPER MICRO COMPUTER, INC.,           | CASE NO.
12 |           Plaintiff,                  | **COMPLAINT FOR DECLARATORY RELIEF**
13 | v.                                    |
14 | COMPUTER PROTECTION IP, LLC,          | **DEMAND FOR JURY**
15 |           Defendant.                  |

16

17       Plaintiff Super Micro Computer, Inc. ("Supermicro") brings this Complaint for

18 Declaratory Judgment ("Complaint") against Defendant Computer Protection IP, LLC

19 ("Computer Protection"). Supermicro seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and

20 2202, declaring United States Patent No. 8,468,591 ("the '591 patent" or "patent-in-suit") not to

21 be infringed by any product sold by Super Micro and to be invalid.

22                              **THE PARTIES**

23       1.    Plaintiff Super Micro Computer, Inc. is a Delaware corporation with its principal

24 place of business at 980 Rock Avenue, San Jose, California 95131 ("Super Micro").

25       2.    Upon information and belief, Computer Protection IP, LLC ("Computer

26 Protection") is a limited liability company organized under the laws of Georgia and headquartered

27 at 6055 Southard Trace, Cumming, GA 30040. On information and belief, Computer Protection is

28 an entity that has been organized, in part, to secret the identity of individuals and/or entities that

1  control and are participating in, and/or obtaining benefit from, the activities of Computer

2  Protection.

## NATURE OF THE ACTION

4      3.    Supermicro brings this declaratory judgment action against what appears to be a

5  patent assertion entity that, on information and belief, exists for the sole purpose of monetizing

6  patents by threating to file suit against server manufactures that are compatible with Intel's

7  Trusted Execution Technology ("Intel TXT") for the purposes of obtaining licensing and

8  settlement amounts measured by the cost of litigation. As explained herein, it appears that rather

9  than seek to license its patent to Intel, or to bring claims against this large and well-defended

10  entity, Computer Protection has sent a demand letter to at least one, and possibly other, server

11  manufactures making and selling systems compatible with the Intel TXT.

12      4.    On information and belief, Computer Protection is threatening Supermicro to

13  obtain a license or settlement which bears no reasonable relation to the value, if any, or scope of

14  the Computer Protection patent. Computer Protection's infringement allegations are not specific

15  to Supermicro and instead are directed at the design and operation of Intel TXT based on the fact

16  that Supermicro's server systems are compatible with the Intel product. While Supermicro is not

17  aware of other specific companies receiving similar infringement letters, the letter itself is devoid

18  of any specific information regarding Supermicro or its products, and its analysis is based on a

19  product not sold or manufactured by Supermicro, (i.e., Intel TXT).

20      5.    An editorial in the New York Times authored in part by Chief Judge Rader of the

21  United States Court of Appeals for the Federal Circuit called out the litigation tactics Computer

22  Protection appears to employ now, in which it is pursuing a server manufacturer rather than Intel,

23  if allowed to go forward, would be an improper use of the U.S. Federal Court system and an

24  undue burden on the Courts and the business community. As Judge Rader states:

> The onslaught of litigation brought by "patent trolls" — who typically buy up a slew of patents, then sue anyone and everyone who might be using or selling the claimed inventions — has slowed the development of new products, increased costs for businesses and consumers, and clogged our judicial system. Their business plan is simple: trolls (intellectual-property lawyers use less evocative terms like "non-practicing entities" and "patent assertion

4832-4824-2989.1  - 2 -  COMPLAINT FOR DECLARATORY JUDGEMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

> entities") make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract a financial settlement. In the apt summary of President Obama, who on Tuesday announced a plan to stave off frivolous patent litigation, trolls just want to "hijack somebody else's idea and see if they can extort some money."

Rader, Randall R., Colleen V. Chien, and David Hricik, *Make Patent Trolls Pay in Court*, The New York Times June 4, 2013.

6. Accordingly, Supermicro brings the present suit as it has received a generic demand letter from Computer Protection and with the understanding that Computer Protection will bring further demands for licensing royalties and has threatened "one of more lawsuits in the United States District Court." A true and correct copy of this letter is attached hereto as **Exhibit A**.

7. This is a civil declaratory judgment action seeking a determination that Super Micro does not infringe any valid or enforceable claim of the '591 patent under 35 U.S.C. § 271.

8. This is a declaratory judgment action seeking a determination that the '591 patent is unenforceable, in whole or in part.

9. On information and belief, Computer Protection is the owner by assignment of the '591 Patent, which is entitled "Client authentication and data management system" and was issued on June 18, 2013. A true and correct copy of the '591 Patent is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

10. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

11. Supermicro seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

13. This Court has personal jurisdiction over Computer Protection. On information and belief, Computer Protection has conducted business in and directed at California pertaining to the patent-in-suit. (Exhibit A.)

14. Computer Protection's threat letter alleges infringement of the patent-in-suit by Supermicro, and gives rise to an actual and justiciable controversy between Supermicro and Computer Protection as to the non-infringement and invalidity of the patents-in-suit.

15. Computer Protection's lawsuits and infringement allegations threaten actual and imminent injury to Supermicro that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement or invalidity, Computer Protection's continued wrongful assertions of infringement related to the Intel TXT products will cause Supermicro harm.

16. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) because, among other reasons, Computer Protection is subject to personal jurisdiction in this jurisdictional district and Computer Protection have conducted or conduct business in this jurisdictional district, or because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdictional district.

**THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES**

17. Supermicro is a global leader in high-performance, high-efficiency server technology. It is a premier provider of end-to-end green computing solutions for HPC, Data Center, Cloud Computing, Enterprise IT, Hadoop/Big Data, and Embedded Systems.

18. Supermicro offers an array of modular, interoperable components for building energy-efficient, application-optimized, computing solutions. Its product lines includes servers, blades, GPU systems, workstations, motherboards, chassis, power supplies, storage technologies, networking solutions, server management software, cabinets, and accessories.

19. Supermicro's server architecture innovations include Twin Architecture, FatTwin™, SuperServer®, SuperBlade®, MicroBlade, MicroCloud, Super Storage Bridge Bay (SBB), Double-Sided Storage®, Battery Backup Power modules, Universal I/O, and WIO expansion technology.

20. Among the servers sold by Supermicro, some are compatible and can utilize Intel TXT.

21. On information and belief, Computer Protection is a non-practicing entity organized for the purpose of pursuing infringement lawsuits and shielding the real parties in interest from exposure and liability associated with such lawsuits, such as may result from an imposition of costs or attorney's fees that may be obtained by the defendants in the lawsuits, and/or to hide prior actions of, or obligations that might be owed by, the real parties in interest. On information and belief, Computer Protection does not commercialize any products or services embodying the patent-in-suit.

22. Computer Protection purports to be the owner of the '591 patent. The '591 patent is entitled "Client authentication and data management system" and issued June 18, 2013.

23. Computer Protection's ownership stems from assignment of the patent application from the inventor, Ariel Silverstone, on May 16, 2013. A true and correct copy of the assignment record available on the USPTO's website is attached as **Exhibit C**.

24. Computer Protection is represented by Stadheim & Grear, a law firm located in Chicago, Illinois. Stadheim & Grear describes itself as "provid[ing] independent inventors, companies and universities with the highest quality patent assertion services on a contingent fee basis." A copy of the first page of the Stradheim & Grear website, located at www.stadheimandgrear.com, is attached as **Exhibit D**.

25. Supermicro was unable to find any business records for Computer Protection with the sole exception of its Georgia business license as available via the Secretary of State business records. A true and correct copy of this information is attached as **Exhibit E**.

26. On December 23, 2015, Stadheim & Grear sent Supermicro a letter (Exhibit A) communicating predominantly the resume of Mr. Ariel Silverstone, the inventor of the '591 patent. The letter further communicated Computer Protection's belief that the Supermicro's servers, when used with Intel TXT, "uses technology covered by the '591 Patent." The letter further offers what it described as "uncommonly favorable terms" to the "*first company* to take the ['591 Patent] license" (emphasis added). Computer Protection's letter did not just imply or threaten that Supermicro must take a license or be subjected to a patent enforcement suit, it directly stated it would do so: "The day after the offer expires we will file one or more lawsuits in

1 United States District Court for infringement of the '591 patent."

2       27.    Super Micro does not require specific software be loaded on to servers or server
3 systems it sells. Its severs and server systems will function with a variety of available software
4 platforms available to consumers. Super Micro does not pre-load any software on to client's new
5 hardware except when requested by the client.

6       28.    Supermicro sells servers and server systems compatible with Intel TXT.

7       29.    Super Micro does not develop or control Intel TXT.

8       30.    Super Micro does not control the website www.intel.com, or information available
9 on the website referenced in the letter is available at
10 http://www.intel.com/content/www/us/en/architecture-and-technology/trusted-execution-
11 technology/where-to-buy-isv-txt.html titled "Solutions and Products with Intel® Trusted
12 Execution Technology ("Intel TXT") ("Intel Site").

13       31.    Super Micro is listed as one of twenty-three (23) companies on the Intel Site,
14 which lists twenty-three (23) companies with a brief description of their services.

15       32.    The letter received from Computer Protection alleges that "several claims of the
16 '591 patent read on Intel TXT. *See* Exhibit A. The letter further asserts that "According to
17 publicly available records, Super Micro Computers, Inc. employs Intel TXT to ensure server
18 security, and thus uses technology covered by the '591 patent." *Id.*

19       33.    The letter includes an attachment labeled "FOR SETTLEMENT PURPOSES
20 UNDER FRE 408 HIGHLY CONFIDENTIAL" which consists of an analysis of publically
21 available information analyzing the '591 Patent in comparison to Intel TXT. This information
22 appears to contain only an analysis of the '591 Patent against the Intel TXT system.

23       34.    Super Micro has not infringed and does not infringe, either directly or indirectly,
24 any valid and enforceable claim of the '591 Patent, either literally or under the doctrine of
25 equivalents.

26       35.    By virtue of the foregoing, a substantial controversy exists between the parties that
27 is of sufficient immediacy and reality to warrant declaratory relief.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## COUNT ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

36. Super Micro re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

37. This claim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

38. There is a real, immediate, substantial, and justiciable controversy between Super Micro, on the one hand, and Computer Protection, on the other, concerning whether the use or offering for sale of Super Micro's products will infringe any valid and enforceable claim of the '591 Patent.

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such a judicial declaration is necessary and appropriate so that Computer Protection may ascertain its rights regarding the '591 Patent.

40. The use, sale, or offer for sale of Super Micro's products will not infringe any valid and enforceable claim of the '591 Patent.

41. Super Micro is entitled to a declaratory judgment that the manufacture, use, sale, or offering for sale of its products will not infringe and does not infringe, directly or indirectly, any valid and enforceable claim of the '591 Patent.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '591 PATENT

42. Super Micro realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

43. This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

44. There is a real, immediate, substantial, and justiciable controversy between Super Micro, on the one hand, and Computer Protection, on the other, concerning whether the claims of the '591 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the

1 United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112.

2     45.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such a judicial declaration is necessary and appropriate so that Computer Protection may ascertain its rights regarding the '591 Patent.

    46.    The claims of the '591 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112.

    47.    Super Micro is entitled to a judicial declaration that the claims of the '519 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Super Micro prays that the Court enter judgment in its favor and against Defendants as follows:

1. Declaring that all claims of the '591 Patent are invalid;

2. Declaring that Super Micro's products have not, do not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '591 Patent;

3. Declaring that the use, offer to sell, and/or sale of Super Micro's products does not, and will not, infringe any valid and enforceable claim of the '591 Patent;

4. Declaring that Super Micro is a prevailing party and that this is an exceptional case, awarding Super Micro its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285, and all other statues, rules, and common law;

5. Awarding Super Micro all costs and expenses associated with this action; and

6. Awarding any and all such other relief as the Court determines to be just and proper.

///
///
///
///

## **JURY DEMAND**

Supermicro demands a trial by jury on all issues so triable.

Dated: February 2, 2016                           ROPERS, MAJESKI, KOHN & BENTLEY


By: */s Lael D. Andara*
    LAEL D. ANDARA
    JESSHILL E. LOVE
    MARIE E. SOBIESKI
    Attorneys for Plaintiff
    SUPER MICRO COMPUTER, INC.