LAEL D. ANDARA (SBN 215416)
JESSHILL E. LOVE (SBN 208348)
MARIE E. SOBIESKI (SBN 278008)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: lael.andara@rmkb.com
marie.sobieski@rmkb.com

Attorneys for Plaintiff
SUPER MICRO COMPUTER, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUPER MICRO COMPUTER, INC.,

Plaintiff,

v.

COMPUTER PROTECTION IP, LLC,

Defendant.

CASE NO. 16-cv-00566 EDL

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY**

Plaintiff Super Micro Computer, Inc. ("Supermicro") brings this First Amended Complaint for Declaratory Judgment ("Complaint") against Defendant Computer Protection IP, LLC ("Computer Protection"). Supermicro seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent No. 8,468,591 ("the '591 patent" or "patent-in-suit") not to be infringed by any product sold by Supermicro and to be invalid.

**THE PARTIES**

1. Plaintiff Super Micro Computer, Inc. is a Delaware corporation with its principal place of business at 980 Rock Avenue, San Jose, California 95131.

2. Upon information and belief, Computer Protection IP, LLC ("Computer Protection") is a limited liability company organized under the laws of Georgia and headquartered at 6055 Southard Trace, Cumming, GA 30040. On information and belief, Computer Protection is an entity that has been organized, in part, to secret the identity of individuals and/or entities that

control and are participating in, and/or obtaining benefit from, the activities of Computer Protection.

**NATURE OF THE ACTION**

3. Supermicro brings this declaratory judgment action against what appears to be a patent assertion entity that, on information and belief, exists for the sole purpose of monetizing patents by threating to file suit against server manufactures that are compatible with Intel's Trusted Execution Technology ("Intel TXT") and/or the OpenStack Foundation's OpenStack ("OpenStack") for the purposes of obtaining licensing and settlement amounts measured by the cost of litigation. As explained herein, it appears that rather than seek to license its patent to Intel, or to bring claims against the large and well-defended entity Intel, or to bring claims against the non-profit OpenStack foundation, Computer Protection has sent a demand letter to at least one, and possibly other, server manufactures making and selling systems compatible with Intel TXT and/or OpenStack.

4. On information and belief, Computer Protection is threatening Supermicro to obtain a license or settlement which bears no reasonable relation to the value, if any, or scope of the Computer Protection patent. Computer Protection's infringement allegations are not specific to Supermicro and instead are directed at the design and operation of Intel TXT and/or OpenStack based on the fact that Supermicro's server systems are compatible with these products. The letter itself is devoid of any specific information regarding Supermicro or its products, and its analysis is based on a product not sold or manufactured by Supermicro, (i.e., Intel TXT, OpenStack). Supermicro is aware of at least one company receiving a nearly-identical infringement letter. On December 23, 2015, McAfree, Inc., a wholly-owned subsidiary of Intel, received such a letter and subsequently brought suit against Computer Protection in Georgia (*Intel Corporation and McAfee, Inc.'s Complaint for Declaratory Judgment*, Case No. 2:16-cv-00028-RWS).

5. An editorial in the New York Times authored in part by Chief Judge Rader of the United States Court of Appeals for the Federal Circuit called out the litigation tactics Computer Protection appears to employ now, in which it is pursuing a server manufacturer rather than Intel, if allowed to go forward, would be an improper use of the U.S. Federal Court system and an

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

undue burden on the Courts and the business community. As Judge Rader states:

> The onslaught of litigation brought by "patent trolls" — who typically buy up a slew of patents, then sue anyone and everyone who might be using or selling the claimed inventions — has slowed the development of new products, increased costs for businesses and consumers, and clogged our judicial system. Their business plan is simple: trolls (intellectual-property lawyers use less evocative terms like "non-practicing entities" and "patent assertion entities") make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract a financial settlement. In the apt summary of President Obama, who on Tuesday announced a plan to stave off frivolous patent litigation, trolls just want to "hijack somebody else's idea and see if they can extort some money."

Rader, Randall R., Colleen V. Chien, and David Hricik, *Make Patent Trolls Pay in Court*, The New York Times June 4, 2013.

6. Accordingly, Supermicro brings the present suit as it has received a generic demand letter from Computer Protection and with the understanding that Computer Protection will bring further demands for licensing royalties and has threatened "one of more lawsuits in the United States District Court." A true and correct copy of this letter is attached hereto as **Exhibit A**.

7. Counsel for Computer Protection met with Supermicro's counsel in Redwood City, California on March 11, 2016 to discuss potential licensing of the '591 patent. At that meeting, counsel for Computer Protection indicated that the company was no longer asserting patent rights based on the Intel TXT product, but on newly-alleged violations based on OpenStack. Computer Protection has not made this stance in writing, however, leaving Supermico to guess which angle of attack (violation based on Intel TXT, OpenStack, or both) Computer Protection will attempt to assert in the future. The email received from counsel for Computer Protection on March 1, 2015 attaching its new OpenStack allegations is attached hereto as **Exhibit B**.

8. This is a civil declaratory judgment action seeking a determination that Supermicro does not infringe any valid or enforceable claim of the '591 patent under 35 U.S.C. § 271.

9. This is a declaratory judgment action seeking a determination that the '591 patent is unenforceable, in whole or in part.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

10. On information and belief, Computer Protection is the owner by assignment of the '591 patent, which is entitled "Client authentication and data management system" and was issued on June 18, 2013. A true and correct copy of the '591 patent is attached hereto as **Exhibit C**.

## JURISDICTION AND VENUE

11. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

12. Supermicro seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

14. This Court has personal jurisdiction over Computer Protection. On information and belief, Computer Protection has conducted business in and directed at California pertaining to the patent-in-suit. *See* Exhibit A, Exhibit B.

15. Computer Protection's threat letter alleges infringement of the patent-in-suit by Supermicro, and gives rise to an actual and justiciable controversy between Supermicro and Computer Protection as to the non-infringement and invalidity of the patents-in-suit.

16. Computer Protection's lawsuits and infringement allegations threaten actual and imminent injury to Supermicro that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement or invalidity, Computer Protection's continued wrongful assertions of infringement related to the Intel TXT and/or OpenStack products will cause Supermicro harm.

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) because, among other reasons, Computer Protection is subject to personal jurisdiction in this jurisdictional district and Computer Protection have conducted or conduct business in this jurisdictional district, or because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdictional district.

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

18. Supermicro is a global leader in high-performance, high-efficiency server

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

technology. It is a premier provider of end-to-end green computing solutions for HPC, Data Center, Cloud Computing, Enterprise IT, Hadoop/Big Data, and Embedded Systems.

19. Supermicro offers an array of modular, interoperable components for building energy-efficient, application-optimized, computing solutions. Its product lines includes servers, blades, GPU systems, workstations, motherboards, chassis, power supplies, storage technologies, networking solutions, server management software, cabinets, and accessories.

20. Supermicro's server architecture innovations include Twin Architecture, FatTwin™, SuperServer®, SuperBlade®, MicroBlade, MicroCloud, Super Storage Bridge Bay (SBB), Double-Sided Storage®, Battery Backup Power modules, Universal I/O, and WIO expansion technology.

21. Among the servers sold by Supermicro, some are compatible and can utilize Intel TXT and OpenStack.

22. On information and belief, Computer Protection is a non-practicing entity organized for the purpose of pursuing infringement lawsuits and shielding the real parties in interest from exposure and liability associated with such lawsuits, such as may result from an imposition of costs or attorney's fees that may be obtained by the defendants in the lawsuits, and/or to hide prior actions of, or obligations that might be owed by, the real parties in interest. On information and belief, Computer Protection does not commercialize any products or services embodying the patent-in-suit.

23. Computer Protection purports to be the owner of the '591 patent. The '591 patent is entitled "Client authentication and data management system" and issued June 18, 2013.

24. Computer Protection's ownership stems from assignment of the patent application from the inventor, Ariel Silverstone, on May 16, 2013. A true and correct copy of the assignment record available on the USPTO's website is attached as **Exhibit D**.

25. Computer Protection is represented by Stadheim & Grear, a law firm located in Chicago, Illinois. Stadheim & Grear describes itself as "provid[ing] independent inventors, companies and universities with the highest quality patent assertion services on a contingent fee basis." A copy of the first page of the Stradheim & Grear website, located at



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

www.stadheimandgrear.com, is attached as **Exhibit E**.

26. Supermicro was unable to find any business records for Computer Protection with the sole exception of its Georgia business license as available via the Secretary of State business records. A true and correct copy of this information is attached as **Exhibit F**.

27. On December 23, 2015, Stadheim & Grear sent Supermicro a letter (Exhibit A) communicating predominantly the resume of Mr. Ariel Silverstone, the inventor of the '591 patent. The letter further communicated Computer Protection's belief that the Supermicro's servers, when used with Intel TXT, "uses technology covered by the '591 Patent." The letter further offers what it described as "uncommonly favorable terms" to the "*first company* to take the ['591 patent] license" (emphasis added). Computer Protection's letter did not just imply or threaten that Supermicro must take a license or be subjected to a patent enforcement suit, it directly stated it would do so: "The day after the offer expires we will file one or more lawsuits in United States District Court for infringement of the '591 patent."

28. On March 11, 2016, Rolf Stadheim, counsel for Computer Protection, flew to California to meet with counsel for Supermicro regarding potential licensing of the '591 patent. At this meeting, Mr. Stadheim indicated that Computer Protection was no longer alleging violation based on Intel TXT, but was alleging violation of the '591 patent based on OpenStack. This had been foreshadowed, but not disclosed, in Mr. Stadheim's email of March 1, 2016 (Exhibit B), which included several "Comparison of an Exemplary Claim from U.S. Patent No. 8,468,591 to OpenStack-based Cloud Computing Systems Made and Sold by Supermicro" attachments. Despite verbal and written request, Computer Protection has failed to provide written verification of its change in position from accusations based on Intel TXT to accusations based on OpenStack.

29. Supermicro does not require specific software be loaded on to servers or server systems it sells. It's severs and server systems will function with a variety of available software platforms available to consumers. Supermicro does not pre-load any software on to client's new hardware except when requested by the client.

30. Supermicro sells servers and server systems compatible with Intel TXT and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

OpenStack.

31. Supermicro does not develop or control Intel TXT or OpenStack.

32. Supermicro does not control the website www.intel.com, or information available on the website referenced in the letter is available at http://www.intel.com/content/www/us/en/architecture-and-technology/trusted-execution-technology/where-to-buy-isv-txt.html titled "Solutions and Products with Intel® Trusted Execution Technology ("Intel Site").

33. Supermicro is listed as one of twenty-three (23) companies on the Intel Site, which lists twenty-three (23) companies with a brief description of their services.

34. The letter received from Computer Protection alleges that "several claims of the '591 patent read on Intel TXT. *See* Exhibit A. The letter further asserts that "According to publicly available records, Super Micro Computers, Inc. employs Intel TXT to ensure server security, and thus uses technology covered by the '591 Patent." *Id.*

35. The letter received from Computer Protection includes an attachment labeled "FOR SETTLEMENT PURPOSES UNDER FRE 408 HIGHLY CONFIDENTIAL" which consists of an analysis of publically available information analyzing the '591 patent in comparison to Intel TXT. This information appears to contain only an analysis of the '591 patent against the Intel TXT system.

36. The email received from counsel for Computer Protection on March 1, 2016 (Exhibit B) includes attachments labeled "FOR SETTLEMENT PURPOSES UNDER FRE 408 HIGHLY CONFIDENTIAL" which consists of an analysis of publically available information analyzing the '591 patent in comparison to OpenStack. This information appears to contain only an analysis of the '591 patent against the OpenStack system. The other documents included with the email are all publically available, the majority of which are available on Supermicro's website, http://www.supermicro.com.

37. Supermicro has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '591 patent, either literally or under the doctrine of equivalents.

38. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

**COUNT ONE**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

39. Supermicro re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

40. This claim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

41. There is a real, immediate, substantial, and justiciable controversy between Supermicro, on the one hand, and Computer Protection, on the other, concerning whether the use or offering for sale of Supermicro's products will infringe any valid and enforceable claim of the '591 patent.

42. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such a judicial declaration is necessary and appropriate so that Computer Protection may ascertain its rights regarding the '591 patent.

43. The use, sale, or offer for sale of Supermicro's products will not infringe any valid and enforceable claim of the '591 patent.

44. Supermicro is entitled to a declaratory judgment that the manufacture, use, sale, or offering for sale of its products will not infringe and does not infringe, directly or indirectly, any valid and enforceable claim of the '591 patent.

**COUNT TWO**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '591 PATENT**

45. Supermicro realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

46. This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47. There is a real, immediate, substantial, and justiciable controversy between

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Supermicro, on the one hand, and Computer Protection, on the other, concerning whether the claims of the '591 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112.

48. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such a judicial declaration is necessary and appropriate so that Computer Protection may ascertain its rights regarding the '591 patent.

49. The claims of the '591 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112.

50. Supermicro is entitled to a judicial declaration that the claims of the '519 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Supermicro prays that the Court enter judgment in its favor and against Defendants as follows:

1. Declaring that all claims of the '591 patent are invalid;

2. Declaring that Supermicro's products have not, do not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '591 patent;

3. Declaring that the use, offer to sell, and/or sale of Supermicro's products does not, and will not, infringe any valid and enforceable claim of the '591 patent;

4. Declaring that Supermicro is a prevailing party and that this is an exceptional case, awarding Supermicro its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285, and all other statues, rules, and common law;

5. Awarding Supermicro all costs and expenses associated with this action; and

6. Awarding any and all such other relief as the Court determines to be just and proper.

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**JURY DEMAND**

Supermicro demands a trial by jury on all issues so triable.

Dated: March 22, 2016

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s Lael D. Andara*
LAEL D. ANDARA
JESSHILL E. LOVE
MARIE E. SOBIESKI
Attorneys for Plaintiff
SUPER MICRO COMPUTER, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City